UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:21-CR-189-SRC-JMB |
| v. | ) |
| | ) |
| DE SHAY BULARD, | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S POST-HEARING BRIEF IN
RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

Comes now the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Donald S. Boyce, Assistant United States Attorney for said District, and for its post-hearing brief in response to the Defendant's Motion to Suppress (Doc. 35) states that the Motion should be denied.

The Defendant seeks suppression of the evidence that was seized from the car that the Defendant was driving and from the Defendant after he was arrested. The Defendant argues that the evidence should be suppressed because the stop of his car was impermissibly extended. In support of his argument, the Defendant relies on *Rodriguez v. United States*, 575 U.S. 348 (2015). The defendant also argues that the smell of marijuana categorically does not support probable cause to search a car based on Missouri's decriminalization of medical marijuana. The Defendant's arguments are without merit, and the motion should be denied.

**Factual Summary**

On December 14, 2020, a Florissant police officer stopped the car that the Defendant was driving because the car had a fully tinted windshield and displayed no license plates. (Tr. 7:8 – 8:11). (All

1

"Tr." citations are to the transcript of the evidentiary hearing held on this motion on October 25, 2021, Doc. 45). The entire encounter between the officer and the Defendant was captured on the in-car cameras and the officer's body-worn camera, and the recordings were admitted at the evidentiary hearing as Government's Exhibit 1. (Tr. 13:25 – 15:10). When the officer approached the car, the driver's window was already down. (Tr. 8:24 –9:1). Upon the initial contact the Defendant, the Defendant told the officer that the Defendant had removed the temporary license plate from his car to get it washed, and the Defendant handed the officer the temporary license plate. (Tr. 9:2 – 9). In that first contact with the Defendant, the officer smelled the odor of marijuana masked with an air freshener. (Tr. 9:10 – 16). The officer returned to his police car to run computer checks on the temporary license plate and on the driver. (Tr. 9:18 –21). The officer did not immediately tell the Defendant that the officer smelled marijuana because the officer wanted to return to his car and see if other units were in the area to assist, for officer safety. (Tr. 9:22 – 10:5). The officer learned through a computer check that the Defendant's driver's license was suspended, and that the Defendant was a prior convicted felon. (Tr. 10:6 – 10). At that point in the encounter, the officer had already decided that he intended to search the car based on the small of marijuana, but the officer did not inform the Defendant immediately. (Tr.10:11 – 16).

When the officer returned to the Defendant's car, the officer asked the Defendant to step out for a pat down for weapons. (Tr. 10:19 – 11:18). The encounter between the officer and the Defendant was captured on the officer's body-worn camera. (Gov. Ex. 1). On the recording, the encounter begins at approximately time stamp 6:00 and continues through approximately time stamp 8:30. (Gov. Ex. 1). The recording shows that when the officer asked the Defendant to step out of the car, the Defendant became verbally combative and did not initially follow the officer's instructions. (Gov. Ex. 1). The recording shows that at approximately time stamp 7:40, the Defendant challenged the

officer's probable cause to pat him down or search the car. (Gov. Ex. 1). The recording shows that the officer asked the Defendant if there was any marijuana in the car, and the officer told the Defendant that he smelled marijuana in the car. (Gov. Ex. 1). The recording shows that between approximately time stamp 7:46 and time stamp 8:30, the Defendant repeatedly and vigorously denied that there was any marijuana in the car or that the Defendant smoked marijuana. (Gov. Ex. 1).

After handcuffing the Defendant, the officer put the Defendant into the back seat of the police car, and the officer searched the defendant's car. (Tr. 11:20 – 12:8). During the search, the officer found a loaded Glock 10 mm pistol in the center console of the car and a small amount of suspected marijuana on the back seat of the car. (Tr. 12:9 – 13:6). The officer then searched the Defendant and found a Glock 10mm magazine in the Defendant's jacket pocket. (Tr. 13: 7 – 14).

**The Car Stop Was Not Impermissibly Extended**

The Defendant's Motion to Suppress should be denied because the officer developed probable cause to search the Defendant's car when he smelled marijuana during the initial encounter with the Defendant. The Defendant does not appear to contest that the officer could validly stop his car for driving without license plates. The Defendant also does not suggest any impropriety with searching a suspect incident to a lawful arrest. The Defendant's sole initial argument appears to be that the stop was impermissibly extended beyond the scope of the original reason for the traffic stop, contrary to *Rodriguez*. The Defendant's argument fails because the officer smelled the marijuana during the initial traffic stop, and he could lawfully extend the stop to investigate.

In *Rodriguez*, the Supreme Court held that a police officer may conduct checks unrelated to a traffic stop, but he may not do so in a manner that prolongs the stop, "absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Rodriguez*, 135 S.Ct. at 1615. Under the automobile exception to the Fourth Amendment's warrant requirement, a

3

police officer who has lawfully made a roadside stop of a vehicle may search the passenger compartment and trunk of that vehicle if probable cause exists to believe that contraband or evidence of criminal activity is located inside the vehicle. *United States v. Caves*, 890 F.2d 87, 89 (8th Cir. 1989). Probable cause for a search under the automobile exception exists if the facts and circumstances known to the officers when they began the search were sufficient in themselves for a person of reasonable caution to believe that contraband or evidence of criminal activity was present in the vehicle. *Id.* at 90. The odor of unburned marijuana can be highly probative in establishing probable cause for a search. *See Johnson v. United States*, 333 U.S. 10, 13, 68 S.Ct. 367, 92 L.Ed. 436 (1948) (presence of odor, testified to by witness who is qualified to know that odor is distinctive to forbidden substance, might be persuasive evidence of probable cause for search); *United States v. Smith*, 789 F.3d 923, 928–29 (8th Cir. 2015) (holding that the smell of marijuana combined with the credible testimony of a police officer is sufficient to establish probable cause); *Caves*, 890 F.2d at 91 (odor of burnt marijuana emanating from driver is less probative of existence of unused marijuana in vehicle than would be odor of unburned marijuana emanating from both driver and vehicle); *see also United States v. Gerard*, 362 F.3d 484, 489 (8th Cir. 2004) (noting that other circuits have held odor of marijuana, standing alone, is sufficient to support probable cause).

In *United States v. Walker*, a police officer stopped a car for driving with a cracked windshield, and upon contacting the driver, the officer smelled the odor of marijuana. *United States v. Walker*, 830 F.3d 477 (8th Cir. 2016). The *Walker* court held that, "[t]his information provided [the officer] a basis to further detain Walker that was independent of the cracked windshield, and it also provided probable cause to search the car. Because both the traffic stop and the search of the BMW were lawful, the district court did not err in denying Walker's suppression motion." *Id.* at 483-84. In this case, the officer likewise stopped the Defendant's car for a traffic violation – driving without license

4

plates – and the officer smelled the odor of marijuana upon contacting the Defendant, which provided probable cause to search the car.

In *United States v. Merrett*, the defendant challenged the search of a car, claiming that the stop exceeded the limits of *Rodriguez*. *United States v. Merrett*, 8 F.4th 743 (8th Cir. 2021). In *Merrett*, the court explained that, "the officers were investigating whether [the defendant] and the other occupants of the SUV were on their way to commit a burglary. After the stop began, this mission expanded to determine whether the occupants were illegally possessing and using marijuana that multiple officers at the scene of the stop smelled, which provided probable cause." *Id.* at 751. The *Merrett* court held that after the officers smelled marijuana, the stop was not unreasonably extended.

To the extent that the Defendant challenges the credibility of the officer's testimony at the suppression hearing in this case, the United States responds that the entire encounter at issue is captured on the recordings that were admitted as Government's Exhibit 1. The recordings speak for themselves, and they fully support the officer's testimony as to how the events of the stop unfolded.

To the extent that the Defendant's argument relies on the testimony of Donald Charleston, that testimony is biased and obviously not credible. Charleston testified that he had specific recollection of washing the Defendant's car almost two years prior because after the Defendant was stopped, the Defendant re-contacted Charleston, said he was "in a situation," and needed to "clarify some things." (Tr. 46:20 – 25). Charleston's response to the Defendant was, "Okay, you can call me any time." (Tr. 47:1). This evidence shows that Charleston was enlisted by the Defendant after the Defendant had been arrested. Charleston's testimony demonstrates his bias in favor of the Defendant. Charleston also testified that there was no marijuana shake in the Defendant's car. (Tr. 47:25 -- 48:10). Later, when Charleston was confronted with the photograph of marijuana shake in the back seat of the Defendant's car, Charleston could offer no explanation for the inconsistency. (Tr. 48:16

5

– 49:8). This discrepancy, left completely unanswered, renders not credible Charleston's testimony that there was no odor of marijuana or marijuana shake in the car.

Because the officer in this case smelled marijuana when he initially contacted the Defendant as part of a valid traffic stop, the stop was not unreasonably extended when the officer searched the car and found the Glock Pistol. After finding the pistol in the car, the officer lawfully searched the Defendant incident to arrest and found the loaded Glock magazine. All of the evidence in this case was seized lawfully, and the Defendant's Motion to Suppress should be denied.

**The Decriminalization of Medical Marijuana Does Not Affect the Probable Cause in This Case**

At the request of the Court, the parties have also considered what effect, if any, Missouri's decriminalization of medical marijuana would have on the officer's probable cause to search the Defendant's car in this case. In his supplemental post-hearing brief, the Defendant submits that after the decriminalization of medical marijuana in Missouri that the odor of marijuana is no longer indicative of criminal activity and that, as a result, the officer in this case lacked probable cause to search the car. The United States responds that the decriminalization of medical marijuana does not affect the probable cause to search the car in this case. Even if the decriminalization of marijuana could affect probable cause in another case, it does not in this case because the odor of marijuana coupled with the Defendant's statements and actions strongly corroborate the officer's belief that evidence of a crime would be found in the car.

As an initial matter, possession of marijuana has not been legalized in Missouri. Pursuant to Section 579.015-4 of the Missouri Revised Statutes, possession of even less than 10 grams of marijuana is still a misdemeanor offense under state law. Further, pursuant to RSMO Section 577.010, the criminal offense of Driving While Intoxicated includes driving a car while in an

intoxicated or drugged condition. As a result, the odor of marijuana may still be probative of criminal activity under Missouri law, especially when an officer smells marijuana as part of a car stop.

While the decriminalization of medical marijuana is a relatively recent phenomenon in Missouri, and the Eighth Circuit does not appear to have issued an opinion on the propriety of a vehicle search predicated on the smell of marijuana after the decriminalization of medical marijuana, numerous other courts have faced in the issue in other states that decriminalized medical marijuana before Missouri.

In *United States v. Davila,* a Nevada district court held that, "Though Defendant argues that medical marijuana was legal at the time of the car stop, [the officer] pointed out that consuming marijuana in public was illegal, even with a medical marijuana license. *United States v. Davila*, No. 218CR00194APGVCF, 2019 WL 1217288, at *3 (D. Nev. Jan. 31, 2019), report and recommendation adopted, No. 218CR00194APGVCF, 2019 WL 1207928 (D. Nev. Mar. 13, 2019).

In *United States v. Liu*, the court denied a motion to suppress because even if the officer saw defendant's medical marijuana card, because "the strong odor of marijuana gave [the officer] probable cause to search the car's trunk to determine whether Li in fact possessed the marijuana for personal medical needs ... or the transportation of marijuana was 'reasonably related to [her] medical needs.'" *United States v. Liu*, No. 2:13-CR-00050-KJM, 2015 WL 163006, at *5 (E.D. Cal. Jan. 7, 2015).

In *United States v. Phillips,* a California district court held that:

Law enforcement officers must have probable cause before they lawfully may arrest a person for any crime. Probable cause depends on all of the surrounding facts, including those that reveal a person's status as a qualified patient or primary caregiver under [the Compassionate Use Act of 1996]. c*iting, People v. Mower,* 28 Cal.4th 457, 468–69, 122 Cal.Rptr.2d 326, 49 P.3d 1067 (2002). This rule, however, does not require that police determine whether an individual has a medical marijuana card before making an arrest, or conducting a search, for possession of marijuana. Indeed, the Court is aware of no case requiring police officers to make such a determination. Rather, when officers become aware that a suspect has a medical marijuana card, the officers must take that information into account when determining whether there is probable cause to conduct a warrantless search or arrest that individual.

*United States v. Phillips*, 9 F. Supp. 3d 1130, 1137–38 (E.D. Cal. 2014).

In *United States v. Harrison,* a Delaware district court held that, "[t]he decriminalization of marijuana does not affect the court's reliance on well-established precedent that the smell of marijuana establishes probable cause" because "[e]ven if marijuana has been decriminalized in some instances in Delaware, every possession and usage of marijuana was not made legal" *United States v. Harrison*, 2018 WL 1325777, at *3 (D. Del. Mar. 15, 2018).

In *United States v. Brown,* the defendant, "protests that he has a 'medical marijuana' card. But that is no defense in Colorado or elsewhere to a charge of impaired driving. *See* Colo.Rev.Stat. Ann. §§ 42–4–1301(1); 25–1.5–106(12)(b)(VI). If Mr. Brown had stunk of alcohol rather than marijuana surely an officer wouldn't have been forced to let him go on his way just because he said he uses his whiskey for medicinal purposes. The Fourth Amendment's touchstone is reasonableness and it is reasonable to allow officers at least a short period of time to investigate the possibility of impaired driving, whatever the intoxicant, when the circumstances fairly suggest the possibility." *United States v. Brown*, 555 F. App'x 838, 839 (10th Cir. 2014).

In *United States v. White,* the Ninth Circuit held that despite Nevada's legalization of medical marijuana, the smell of marijuana emanating from a vehicle still provides probable cause for warrantless search because nonmedical marijuana remains contraband. *United States v. White,* 732 Fed. Appx. 597 (9th Cir. 2018)).

Even without an Eighth Circuit opinion directly addressing the question of whether the odor of marijuana can still provide a basis for probable cause to search a car after medical marijuana decriminalization, it is still the law of the Eighth Circuit that, "Probable cause exists when a 'practical, common-sense' inquiry that considers the totality of the circumstances . . . yields a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States*

8

*v. Stevens*, 530 F.3d 714, 718 (8th Cir. 2008), *citing, Illinois v. Gates,* 462 U.S. 213, 238 (1983). In this case, the officer had probable cause to search the car, under the totality of the circumstances, regardless of the decriminalization of medical marijuana in Missouri.

The amendment to the Missouri Constitution decriminalizing medical marijuana states that, "the possession of marijuana in quantities less than the limits of this section, or established by the department … shall not subject the possessor to arrest, criminal or civil liability, or sanctions under Missouri law, provided that the possessor produces on demand to the appropriate authority a valid qualifying patient identification card … [or] a valid physician certification while making application for an identification card." MO. CONST. ART. XIV, § 5, para. 1. Thus, Missouri law requires that in order to invoke the protection of decriminalization of medical marijuana, a marijuana possessor must produce a patient identification card or physician certification.

In this case, when the officer smelled marijuana, he believed that the smell was evidence of criminal activity. Based on the facts of the case, the Missouri medical marijuana regime does nothing to undermine that belief. The Defendant did not present the officer with a medical marijuana card or physician certificate. Instead, as demonstrated on the recording of the encounter, between approximately time stamp 7:46 and time stamp 8:30, the Defendant repeatedly and vigorously denied that there was any marijuana in the car or that the Defendant smoked marijuana. (Gov. Ex. 1). There were no facts that would have led the officer to believe that the odor of marijuana was evidence of lawful possession of medical marijuana, and the Defendant's vehement denials that there was any marijuana in the car or that he smoked marijuana only supported the officer's belief that the odor of marijuana was evidence of criminal conduct.

The Missouri medical marijuana regime could potentially factor into a finding of probable cause in another case based on other facts, but in this case, based on the totality of the circumstances, the smell of marijuana supported probable cause to search the Defendant's car.

WHEREFORE, for the foregoing reasons, the Defendant's Motion to Suppress should be denied.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ *Donald S. Boyce*
DONALD S. BOYCE #6282562IL
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of this document was filed with the Court's electronic file management system for service upon defense counsel on January 12, 2022.

/s/ *Donald S. Boyce*
Assistant United States Attorney
